IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT O PENNSYLVANIA

| | |
|---|---|
| HARRY L. BIERLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. 09-325 Erie |
| ) | |
| D.A. JOHN DANIERI, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harry L. Bierley, pro se, has filed a "Request for Transferral of 90045 M.D. 2009 From State Court to Federal Court with Related Civil Rights Complaint" whereby he seeks "financial remuneration for the 54 days of illegal imprisonment that [he] endured at CP 1133 of 2003, Erie County, PA."

Presently pending are two motions: a motion to dismiss filed on behalf of defendant the Honorable Ernest J. Disantis, Jr. (Doc. 15) and a motion to dismiss filed on behalf of the remaining defendants, District Attorney John Danieri, Assistant District Attorney Carrie Munsee, and Solicitor Wallace Knox (Doc. 17). In response, plaintiff has filed a "Motion to Deny Dismissals and Convene Hearing." (Doc. 21). For the reasons stated herein, we will grant the motions to dismiss.

To briefly summarize Mr. Bierley's history, we note that in November 2004 he was sentenced by defendant herein, the Honorable Judge Ernest J. DiSantis, in the Court of Common Pleas of Erie County to a term of two to eleven months' imprisonment. He had been convicted by a jury of disorderly conduct after interrupting state court proceedings with a profanity-laced tirade. As a condition of his parole, Judge DiSantis restricted his access to the Erie County Courthouse,

requiring that he give prior notice to his parole officer if he wished to conduct official business on his own behalf or testify as a witness during his parole period. Mr. Bierley violated this condition on February 4, 2005 and was ordered by Judge DiSantis to leave the premises. Mr. Bierley was found to have violated his parole on other grounds in September and October of 2005, was subsequently imprisoned, and incurred fees, fines and costs.

In general, Mr. Bierley has contended that various police officers, parole officers, prosecutors, detectives and other governmental employees, including the county executive, used perjury to defame him and win an illegal conviction, that the defendants failed to take appropriate action to correct his wrongful imprisonment, that he was unlawfully imprisoned, and that the state court lacked jurisdiction.

In addition to numerous other lawsuits unrelated to the above- described incident, Mr. Bierley has filed at least two other civil actions in this Court which arise from the same set of facts and circumstances: C.A. 05-49 E and 06-272 E. In both cases, we dismissed his complaints, and the United States Court of Appeals for the Third Circuit affirmed. In the first case, the appeal was dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2); in the second, the appeal was dismissed on the grounds of res judicata and Heck v. Humphrey, 512 U.S. 477 (1994). We have reviewed the allegations in the complaints in those cases as well as this one, our written opinions granting the motions to dismiss, as well as the Third Circuit's opinions affirming those dismissals.

Mr. Bierley also filed a petition pursuant to 28 U.S.C. § 2254 with this Court, at C.A. No. 04-363 E. His petition for writ of habeas corpus was dismissed as moot, Mr. Bierley having been released from custody while his direct appeal was pending before the state courts. On appeal, Mr. Bierley's request for certificate of appealability was denied.

In ruling on a Rule 12(b)(6) motion, a Court must "'accept all factual allegations as true,

construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker, 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 563 n.8 (2007). To withstand a motion to dismiss under Rule 12(b)(6), the Complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 555. "'Stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id., quoting Twombly, 550 U.S. at 556. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of "the necessary element.'" Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 (quotations omitted).

Since Mr. Bierley has filed pro se, his complaint must be "liberally construed" and "held to less stringent standards that formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In addition to seeking a declaratory judgment that the defendants have violated his civil rights, Mr. Bierley seeks remuneration in the amount of $854,522,009.

We find that the instant matter in large part fails to state a claim upon which relief can be granted and is frivolous. Moroever, it is based upon the same facts that were involved in the prior cases and therefore, Mr. Bierley is collaterally estopped from pursuing such claims. Collateral estoppel prevents harassment and preserves judicial economy. Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41, 44 (3d Cir. 1989). Collateral estoppel is used to preclude the relitigation of an issue that was actually litigated, resulted in a final judgment, and was necessary

to the outcome of the case. Id.

Mr. Bierley, however, has added a new twist to his exhaustive and repetitive litany of allegations: that President Judge DiSantis denied his right to due process when Judge DiSantis issued an order on December 16, 2009 in the matter docketed in the Erie County Court of Common Pleas at No. 2546 C.D. 2009, CP-25-MD-90045-2009. Judge DiSantis ruled that Mr. Bierley was not entitled to any further review or consideration of a case that has been fully litigated and affirmed. According to Mr. Bierley, because the court lacked jurisdiction to enter a verdict and orders in the underlying criminal case, Judge DiSantis' December 16, 2009 order is also tantamount to perjury, because "J DiSantis is telling a deliberate falsehood when he claims the matter was fully litigated in the courts."

The order entered by Judge DiSantis states:

> [T]he instant Petition for Review With Motion To Reverse Conviction is hereby DENIED. Although filed under a miscellaneous number, this is the petitioner's attempt to re-litigate his underlying conviction at criminal docket number 1133-2003. This case has already been fully litigated and affirmed by the Pennsylvania Superior Court on August 11, 2006 at 2029 WDA 05. The defendant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on September 10, 2008 at 282 WAL 2008. Therefore, the petitioner is not entitled to any further review or consideration in this matter.

Order dated December 16, 2009, attached to Mr. Bierley's Notice "for the Record" (Doc. 7).

We find that the claims for damages against Judge DiSantis are barred by the doctrine of judicial immunity. Bradley v. Fisher, 80 U.S. 332 (1872). To the extent that Mr. Bierley has appealed the December 16, 2009 Order this action is barred by Younger v. Harris, 401 U.S. 37 (1971), his appeal not having resulted in a final determination.

We find that the claims against District Attorney John Danieri and Assistant District Attorney Carrie Munsee are barred by the doctrine of absolute prosecutorial immunity. Imbler v.

Pachtman, 424 U.S. 409, 427 (1976). Solicitor Wallace Knox is protected by qualified immunity from liability. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

AND NOW, to-wit, this 22nd day of July 2010, it is hereby ORDERED, ADJUDGED and DECREED THAT the "Motion to Dismiss Plaintiff's Complaint on Behalf of Defendant the Honorable Ernest J. DiSantis, Jr." (Doc. 15) is hereby GRANTED.

IT IS FURTHER ORDERED THAT the "Motion to Dismiss Plaintiff's Complaint" (Doc. 17) filed by defendants District Attorney John Danieri, Assistant District Attorney Carrie Munsee, and Solicitor Wallace Knox is hereby GRANTED.

Plaintiff's action is DISMISSED in its entirety as to all defendants with prejudice.

Maurice B. Cohill, Jr.
United States District Court Judge

cc: counsel of record
Harry L. Bierley, pro se